IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR NOVASTAR
MORTGAGE FUNDING TRUST, SERIES
2007-1 NOVASTAR HOME EQUITY LOAN
ASSET-BACKED CERTIFICATES, SERIES
2007-1,**

     **Plaintiff,**

vs.                     Civ. No.  14-625 JCH/KK

**ANGELINA D. MARTINEZ and
SAUL MARTINEZ,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

   This matter is before the Court on the *Motion for Summary Judgment* [Doc. 33] filed by Plaintiff, Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1 ("Plaintiff," or "DBNTC"). In the motion, Plaintiff asks the Court to enter a judgment declaring that a note and mortgage executed by Defendant Angelina D. Martinez are valid and enforceable by Plaintiff, and that nothing in a separate case brought in another court bars DBNTC from foreclosing on its mortgage or otherwise collecting repayment of the $174,507.97 principal balance, along with any applicable interest, costs, and fees. After reviewing the motion, Defendants' response, and Plaintiff's reply, as well as all the exhibits thereto, the Court concludes that the motion for summary judgment should be granted.

**LEGAL STANDARD**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Id*. (quotation omitted).

Although questions of fact are generally left for the jury to decide, "[s]ummary judgment is ... appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.' " *Biester v. Midwest Health Servs., Inc*., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "In essence, the inquiry for the Court is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id*. (quoting *Anderson*, 477 U.S. at 251-52).

To be entitled to summary judgment, the movant is not required to disprove the opposing party's claims. "While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kaul*, 83 F.3d at 1212 (quotation omitted). "If the movant carries this initial burden, the non-movant may not rest upon [her] pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which [she] carries the burden of proof." *Id*.

Because the party opposing a motion for summary judgment must set forth "specific facts" to defeat the motion, Fed. R. Civ. P. 56(e), "[u]nsupported conclusory allegations . . . do

not create a genuine issue of fact." *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000). Mere speculation unsupported by evidence is insufficient to resist summary judgment. *Peterson v. Shanks*, 149 F.3d 1140, 1144-45 (10th Cir. 1998).

### **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Angelina Martinez ("Martinez")[1] does not dispute the lion's share of Plaintiff's Statement of Undisputed Material Facts. *See* Doc. 33 at 2-6.[2] Thus, in accordance with Local Rule 56.1(b), the Court accepts them as true for purposes of this Memorandum Opinion and Order.

Saul Martinez ("Saul") is Martinez's son. Martinez Depo. at 8. Saul told his mother that he wanted her to take out a loan to "help [him] out with money" so that he could buy a bigger house and pay child support. *Id*. at 9, 13, 17, 43. Martinez agreed to take out a loan for Saul's benefit. Martinez understood that she was borrowing money, *id*. at 22; knew that she was going to be signing a promissory note to pay the money back, *id*.; understood that to secure the loan she was going to sign a mortgage on her property, *id*. at 23; and agreed that she would be the one to sign all the documents, *id*. at 22. Further, Martinez understood that as a result of the loan she was taking, Saul would be receiving about $42,799 in cash. *Id*. at 26. After the closing, Martinez and Saul went to the bank, where she received a check in excess of $40,000. Martinez endorsed the check, and Saul received the money. Martinez Depo. at 27.

Among the documents that Martinez signed at closing on November 9, 2006, was the Adjustable Rate Balloon Note, Doc. 34-1, in the original principal sum of $175,000. *See* Doc. 34

---

[1] Co-defendant Saul Martinez has not entered an appearance in this case. Therefore, all references to "Martinez" herein are to Angelina Martinez.

[2] Of the sixteen statements of material facts set forth by the Plaintiff, Martinez disputes only the fifth. *See* Doc. 41-1 at 1-2. However, Martinez sets forth no affidavits, depositions, or other admissible evidence of her own to create an issue of fact. The Court addresses this below.

at ¶ 4.[3] Martinez also signed an Adjustable Rate Mortgage and Balloon Rider. Doc. 34-2. *See also* Martinez Depo. at 18, 20-23. The mortgage relates to property owned by Martinez located at State Road 76 House 571, Rio Arriba, New Mexico. Doc. 34 at ¶ 6. She also signed twenty-seven additional documents, each of which is listed in Plaintiff's motion. Doc. 33 at 3-4. Martinez does not dispute that she signed these documents, including but not limited to a settlement statement, a Truth-In-Lending disclosure, Notice of Right to Cancel, and Appraisal Disclosure. However, Martinez states in her opposition that these documents" do not provide any Net Tangible Benefit Analysis, High Cost analysis," "proof of analysis of income," or demonstrate that "any analysis of the loan was made by the originator or Plaintiff at the time it acquired the loans." Doc. 41-1 at 1. Martinez neither prepared nor signed the loan application, which contained a number of errors. Martinez Depo. at 39, 41-42. Similarly, DBNTC had no involvement in preparing the loan application or in making the loan. Doc. 34 at ¶ 10.

From January through November of 2007, Martinez and Saul made the monthly payments of approximately $1,400. Martinez Depo. at 28, 36. At that point, payments ceased and the loan has been in default. Doc. 34 at ¶ 7. As of May 15, 2015, the unpaid principal balance of $174,507.97 plus accrued interest is due on the note. *Id*.

Plaintiff DBNTC is the assignee and current holder of the note and mortgage that Martinez executed on November 9, 2006. Doc. 34 at ¶ 4-6. DBNTC acquired the right to hold

---

[3] Plaintiff has set forth the Affidavit of Nicole Gostebski, a Senior Loan Analyst employed by Ocwen Financial Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC, the loan servicer and attorney-in-fact for DBNTC with respect to the property identified in the Complaint. Doc. 34 at ¶ 1. In her response brief, Martinez baldly states that Gostebski's affidavit contains assertions of facts of which Gostebski "could not possibly" have knowledge, and therefore should be disregarded. Doc. 41-1 at 4. However, Martinez neither identifies the particular statements of which Gostebski has no personal knowledge, nor explains the factual basis of her assertion that such knowledge is lacking. Under these circumstances, the Court construes Gostebski's affidavit as uncontroverted by Martinez.

the note and enforce the mortgage in exchange for value paid; DBNTC had no knowledge of any errors in the loan application. *Id*. at ¶ 9.

On November 10, 2008, DBNTC filed a foreclosure action against Martinez with regard to the note and mortgage in New Mexico state district court, Rio Arriba County, Case No. D-117-CV-2008-0049. Doc. 34 at ¶ 12; Doc. 34-4. On May 8, 2009, while the foreclosure action was pending, the New Mexico State Attorney General filed a lawsuit state district court, Santa Fe County, New Mexico, Case No. D-101-CV-2009-01457 against DBNTC, the then-current loan servicer, the mortgage broker and her daughter, the original lender, and the original loan servicer. Doc. 34 at ¶ 12. This Court is without information as to the nature of the Attorney General's lawsuit or the claims made therein, as neither party has provided that complaint to the Court. According to Plaintiff's unchallenged affidavit, DBNTC declined to pursue its foreclosure action against Martinez while the Attorney General's case was pending. Doc. 34 at ¶ 13. As a result, the court in that case administratively closed DBNTC's foreclosure action without prejudice for failure to prosecute. Doc. 34 at ¶ 13; Doc. 34-5. On May 17, 2012, the Santa Fe district court entered an order dismissing with prejudice all of the Attorney General's claims against DBNTC. Doc. 34-6, Doc. 34 at ¶ 15. There is no order in that case prohibiting DBNTC from pursuing a foreclosure action against Martinez or from otherwise seeking payment on the note. Further, Martinez admits that no one from the Attorney General's Office ever told Martinez that she did not have to repay the loan. Martinez Depo. at 46-47.

In its Complaint [Doc. 1], Plaintiff DBNTC requests equitable relief (Count I) in the form of restitution and repayment of loan proceeds and other monies, as well as the imposition of a constructive trust or equitable lien on other properties in which Martinez has an interest; and declaratory judgment (Count II) that the Amended Final Order in the AG action does not bar

Plaintiff's right to collect or obtain repayment of the unpaid principal balance, interest, fees, and costs owed. In her Answer [Doc. 12], Martinez asserts that the note is invalid based upon DBNTC's predecessor's negligence and failure to comply with applicable laws.

## **DISCUSSION**

DBNTC argues that it is the holder of the note and therefore has the right to enforce it. Martinez does not dispute that the note she signed, along with the attached allonge, is indorsed in blank. A blank indorsement makes a note payable to anyone who holds it as bearer paper—in this case, DBNTC. *Bank of N.Y. v. Romero*, 320 P.3d 1, ¶ 24, 2014-NMSC-007 (N.M. 2014). Martinez does not dispute that she signed the promissory note and mortgage, that she understood that she was borrowing money, that the note is due and payable, or that she has failed to make the required payments beginning in December of 2007. Rather, she argues that DBNTC is not entitled to summary judgment because it has failed show that there is no genuine issue of material fact as to all of Martinez's affirmative defenses. Martinez states, "Plaintiff has not addressed the ninth and eleventh affirmative defenses regarding the Home Loan Protection Act together with said abusive lending practices of its predecessors." Doc. 41-1 at 3.[4] Citing an unpublished opinion from the District of New Mexico, *ACLU of N.M. v. Santillanes*, Civ. No., 05-1136 MCA/WDS, Memorandum Opinion and Order, Doc. 88 at 37 (D.N.M. Feb. 12, 2007) (slip op.), *reversed on other grounds*, 546 F.3d 1313 (10th Cir. 2008), Martinez argues that this

---

[4] Martinez's Ninth Affirmative Defense states: "Plaintiff's claims or damages, if any, were caused by its own or its predessor's [sic] conduct, negligence and failure to comply with the Home Loan Protection Act NMSA 1978 § 58-21A-1 et. seq.; Unfair, Deceptive and Unconscionable Trade Practices Act §57-12-1, et. seq. and its/their requirements, either precedent or subsequent." Her Eleventh Affirmative Defense states: "Plaintiff's claims should be barred by its and its predessessor's [sic] bad faith and violations of the Home Loan Protection Act, Unfair Trade Practices, and its own bad faith in bringing forward this claim, and in particular NMSA 1978 §§58-21A-4; 58-21A-8; 58-21A-11; and 58-21A-12 including previous enactments." Doc. 12 at 3.

Court cannot grant summary judgment because "Plaintiff does not come forth with any showing that there have [not] [sic] been violations of the Home Loan Protection Act [] or the Unfair Trade Practices Act []." Martinez also argues that DBNTC's claims are barred by the equitable doctrines of laches and bad faith.

Martinez's argument fails because she misapprehends the summary judgment standard and the associated burden of proof. Martinez stumbles because she quotes only selectively from *Santillanes*, *supra*. When quoted accurately and in full, the district court opinion correctly sets forth the summary judgment standard applicable here. It states:

> When the movant is also the party bearing the burden of persuasion on the claim for which he or she is seeking summary judgment, the movant must show that the record as a whole satisfies each essential element of his or her case and negates any affirmative defenses in such a way that no rational trier of fact could find for the non-moving party. *See 19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071 (10th Cir. 1998); *Newell v. Oxford Mgmt., Inc.*, 912 F.2d 793, 795 (5th Cir. 1990); *United Missouri Bank of Kansas City, N.A. v. Gagel*, 815 F. Supp. 387, 391 (D. Kan. 1993). But when the movant does not bear the burden of proof as to the claim or defense at issue in the motion, then judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998).

In this instance, Plaintiff is the movant. As a defendant, Martinez bears the burden of proof at trial on her affirmative defenses. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (noting that the common law presumes that the burden of proof for an affirmative defense rests with the defendant, as generally the burdens of proof and persuasion with regard to any given issue are allocated to the same party). Thus, as set forth above in *Celotex* and *Adler*, as the non-moving party wishing to avoid summary judgment Martinez needed to make an adequate showing as to the essential elements of her case, *e.g*., her affirmative defenses. This Martinez has not done. She has asserted that

she has a defense to the enforcement of the note and mortgage under the New Mexico Home Loan Protection Act, but she has failed to come forward with evidence to create a genuine issue of fact on this defense, or even to point to other evidence already in the record that creates such an issue. The same is true of Martinez's affirmative defenses of laches and bad faith. She has done nothing more than assert that DBNTC has failed to negate those defenses. However, that is not Plaintiff's burden as movant. Rather, the burden is on Martinez to show that there is a genuine issue of fact on laches and bad faith. Because Martinez has failed to do so, and because Plaintiff has come forward with uncontroverted evidence showing that it is entitled to foreclose on Martinez's property, the motion for summary judgment will be granted.

**IT IS THEREFORE ORDERED** that the *Motion for Summary Judgment* [Doc. 33] is **GRANTED**, and the Court hereby enters summary judgment in favor of Plaintiff, Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1 ("Plaintiff," or "DBNTC") on all of its claims against Defendant Angelina D. Martinez.

**IT IS FURTHER ORDERED** that, in light of Plaintiff's request for declaratory relief on which is has prevailed by virtue of the motion, Plaintiff must provide the Court with a proposed form of Declaratory Judgment in accordance with Count II of the Complaint and a proposed form of Final Judgment no later than February 10, 2016.

_____
UNITED STATES DISTRICT JUDGE